

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## MUNICIPAL DIVISION

**ELECTRONICALLY FILED**
**December 8, 2025 01:14 PM**
**PAVAN PARIKH**
**Clerk of Courts**
**Hamilton County, Ohio**
**CONFIRMATION 1735786**

**JOSEPH GALEVO**                                   **25CV36994**

**vs.**

**EQUIFAX INFORMATION**
**SERVICES LLC**

## FILING TYPE:  CIVIL SUIT

## PAGES FILED: 12

*SERVICE(S) ORDERED: EXPRESS CERTIFIED (1)*

EFR200

# IN THE MUNICIPAL COURT
# HAMILTON COUNTY OHIO

JOSEPH GALEVO
c/o Joshua Evans, Esq.
791 E McMillan Street, Suite #235
Cincinnati, OH 45206

      *Plaintiff,*                                        Case No.

Vs.                                    **JURY TRIAL DEMANDED**

EQUIFAX INFORMATION SERVICES LLC
2 Sun Court Suite 400 Peachtree Corners GA 30092

      *Defendant.,*

## Complaint And Demand For Jury Trial

        COMES NOW the Plaintiff, Joseph Galevo, by and through undersigned counsel Joshua Evans, Esq., and for his Complaint against Equifax Information Services LLC ("Equifax" or "Defendant"), states as follows:

## Preliminary Statement

1.     This is a civil action for damages not to exceed $15,000, exclusive of costs, interest, and attorney's fees, brought by Plaintiff Joseph Galevo, through undersigned counsel, against Defendant Equifax Information Services LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

2.     Plaintiff seeks relief for Equifax's failure to provide a complete and accurate consumer file disclosure as required by 15 U.S.C. § 1681g(a)(1).

Page 1 of 12

## Jurisdiction And Venue

3.     Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

4.     Defendant Equifax is subject to the provisions of the FCRA and this Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1681p.

5.     Venue is proper in this Court pursuant to Ohio law because the acts giving rise to this action occurred in Hamilton County, Ohio, where Plaintiff resides and where the disclosure was received.

## Parties

6.     Plaintiff Joseph Galevo is a natural person who resides in Hamilton County, Ohio, and is a consumer as defined by 15 U.S.C. § 1681a(c).

7.     Defendant Equifax Information Services LLC is a Georgia limited liability company and a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

8.     Equifax is regularly engaged in assembling, evaluating, and furnishing consumer credit information for the purpose of preparing and selling consumer reports to third parties.

9.     The use of Defendant Equifax Information Services LLC's name in this Complaint is intended to include, and does include, all affiliated entities, parent companies, subsidiaries, predecessors, successors, officers, directors, employees, agents, contractors, vendors, and assigns, to the extent they acted on its behalf, participated in, or contributed to the conduct alleged herein.

## Factual Allegations

10.     Mr. Galevo has a statutory right to know all information that Equifax maintains in his consumer file.

11.     In or about September 2025, Plaintiff exercised that right by requesting his file disclosure from Equifax through annualcreditreport.com.

12.     Plaintiff reasonably expected Equifax to provide a clear, complete, and accurate disclosure containing all information Equifax had recorded and retained about him.

13.     Equifax issued a disclosure dated September 29, 2025, under confirmation number 5272568529.

14.     The disclosure contained multiple tradelines, each showing only a truncated account number.

15.     These included Portfolio Recovery Associates (ending in 6859), U.S. Bank (ending in 8695), Jefferson Capital LLC (ending in 2968), Credit Acceptance Corporation (ending in 7832), Comenity Capital/Forever 21 (ending in 7134), The Bureaus (ending in 4420), and Online Collection Group (ending in 5094).

16.     Although these items negatively affected Plaintiff's creditworthiness, Plaintiff could not identify, verify, or dispute them because Equifax failed to disclose the full account numbers or other necessary account identifiers.

17.     Without the complete account identifiers, Plaintiff was left to guess which accounts were being reported, whether the accounts belonged to him, and whether the information was accurate. He was also unable to match the information with his own records.

18.     The missing account identifiers prevented Plaintiff from meaningfully reviewing, confirming, or disputing the tradelines as permitted under the FCRA.

19.     Equifax disclosed only the last four digits for the tradelines at issue even though, upon information and belief, it possessed additional identifying account information at the time of Plaintiff's request.

20.     Equifax withheld this information despite Plaintiff never requesting truncation.

21.     For the U.S. Bank tradeline, Equifax also failed to disclose the date of last activity, scheduled payment amount, actual payment amount, term duration, or date closed. Although the disclosure showed the account was opened in August 2018, the payment history contained no information for that month or any month in that year.

22.     For the Credit Acceptance Corporation tradeline, Equifax failed to disclose the date of last activity, scheduled payment amount, amount past due, or charge-off amount. Although the disclosure indicated the account was opened on October 12, 2017, the payment history contained no information for that time period.

23.     For the Comenity Capital/Forever 21 tradeline, Equifax failed to disclose the date of last activity, scheduled payment amount, actual payment amount, term duration, amount past due, or date closed. Although the disclosure indicated the account was opened on August 23, 2018, the payment history contained no information for that time period.

24.     For the Jefferson Capital LLC tradeline, Equifax failed to disclose the date of last activity, scheduled payment amount, actual payment amount, date of last payment, or term duration. Although the disclosure indicated the account was opened on December 7, 2023, the payment history contained no information for that time period, and the original creditor was not identified.

25.     For the Portfolio Recovery Associates tradeline, Equifax failed to disclose the date of last activity, scheduled payment amount, actual payment amount, date of last payment, or term duration. Although the disclosure indicated the account was opened on April 22, 2024, the payment history contained no information for that time period.

26.     Plaintiff alleges that Equifax maintains this information in its files and that it appears, or should appear, in the reports Equifax prepares about him.

27.     Upon information and belief, the furnishers transmitted complete account-level information to Equifax, including full account numbers, additional identifying digits beyond the four disclosed in the September 29, 2025 disclosure, dates of last activity, actual payment amounts, charge-off amounts, and the dates the accounts were closed.

28.     Equifax recorded and retained this information in its internal systems and used it when preparing consumer reports for third parties, yet failed to include it in the disclosure provided to Plaintiff at the time of his request.

29.     As a result, Plaintiff alleges that Equifax's disclosure was neither clear nor accurate and that Equifax failed to disclose all information in his consumer file, in violation of 15 U.S.C. § 1681g(a)(1).

## The Statutory Standard

30.     The FCRA requires consumer reporting agencies such as Equifax to "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request," subject only to limited exceptions not applicable here. 15 U.S.C. § 1681g(a)(1).

31.     The FCRA expressly defines a consumer's "file" broadly as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g).

32.     This includes identifying information such as full account numbers, payment histories, dates of last activity, and other details furnished by creditors and retained by Equifax, even if not every piece is communicated in a third-party consumer report.

33.     This definition of "file" is intentionally broader than the definition of a "consumer report" under 15 U.S.C. § 1681a(d), which is limited to communications of information "bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" for specific purposes such as credit or employment decisions.

34.     Congress used distinct terms in the statute, "file" in § 1681g(a)(1) and "consumer report" elsewhere in the FCRA, to mandate comprehensive disclosures to consumers and to allow them to verify and dispute all retained information, not only information bearing on creditworthiness.

35.     Missing account numbers, payment history, dates of last activity, account status, and similar identifying or credit-related information are the type of information that must be disclosed and, when omitted, render a § 1681g(a)(1) disclosure unclear and incomplete.

## Actual Damages

36.     Defendant's failure to clearly and accurately disclose all information in Plaintiff's consumer file constituted a withholding of information to which Plaintiff was legally entitled under 15 U.S.C. § 1681g(a)(1).

37.     As a direct and proximate result of Defendant's omissions, Plaintiff suffered a concrete and particularized informational injury.

38.     Congress enacted § 1681g(a)(1) to ensure that consumers receive complete and accurate file disclosures so they can identify, verify, and, when necessary, dispute items that affect their creditworthiness.

39.     By withholding full account numbers, dates of last activity, payment history, charge-off amounts, closure dates, and other identifying information that existed in Plaintiff's file at the time of his request, Defendant deprived Plaintiff of information he had a statutory right to receive.

40.     These omissions rendered the disclosure unclear and inaccurate, and they directly impaired Plaintiff's ability to determine whether the Portfolio Recovery Associates, U.S. Bank, Jefferson Capital LLC, Credit Acceptance Corporation, Comenity Capital/Forever 21, The Bureaus, and Online Collection Group accounts actually belonged to him.

41.     The missing information also prevented Plaintiff from verifying the accuracy of the reported data or exercising his FCRA rights to dispute potentially inaccurate or fraudulent items.

42.     This lack of transparency deprived Plaintiff of the ability to understand what was in his file and to take meaningful action to protect his credit.

43.     As a result, Plaintiff suffered actual damages in the form of emotional distress, including significant frustration, confusion, anxiety, and stress, as he attempted to reconcile the incomplete disclosure with his own records and understand its impact on his credit standing.

44.     Plaintiff's injury is fairly traceable to Defendant's violation of § 1681g(a)(1) and is redressable by an award of actual damages under 15 U.S.C. § 1681o, statutory damages and punitive damages under 15 U.S.C. § 1681n, and attorneys' fees and costs.

## Willfulness

45.     Defendant's violations of 15 U.S.C. § 1681g(a)(1) were willful within the meaning of 15 U.S.C. § 1681n. A violation is willful when a consumer reporting agency knowingly violates the statute or recklessly disregards its requirements. *See* Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 56–57 (2007).

46.     Defendant has long been aware that § 1681g(a)(1) requires disclosure of all information in the consumer's file at the time of the request.

47.     Defendant provides consumers with a written Summary of Rights informing them that they are entitled to receive all information in their file.

48.     Despite this notice and its own internal policies, Defendant knowingly withholds information that is part of a consumer's file, including full account numbers, identifying data, and Metro 2 fields that Defendant possessed at the time of Plaintiff's request.

49.     Upon information and belief, Defendant uses automated disclosure templates and suppression logic that intentionally remove or truncate account information when consumers request their files through permissible channels, even though consumers do not request any such truncation.

50.     Defendant has been aware for years that these automated processes withhold information and that large numbers of consumers have received incomplete disclosures as a result. Defendant has been sued repeatedly for the same conduct yet continues these practices without correction.

51.     Defendant's decision to omit information that it simultaneously provides to third-party creditors in consumer reports demonstrates a conscious disregard for Plaintiff's rights.

52.     Defendant knew or should have known that withholding identifying data, full account numbers, payment histories, and other file information prevents consumers from understanding and verifying the items in their files and deprives them of the ability to properly verify errors and inaccuracies.

53.    These omissions are also misleading because they create the false impression that consumers received complete and accurate disclosures when, in fact, critical information was withheld.

54.    The absence of this information undermines the truthfulness, clarity, and accuracy of the disclosure, leaving consumers unable to determine the complete and truthful information actually contained in their files.

55.    Defendant's interpretation of § 1681g(a)(1) is objectively unreasonable. The statute requires disclosure of all information in the consumer's file, yet Equifax failed to disclose information it possessed and was required to provide, including but not limited to the items identified in this complaint.

56.    Defendant's practice of advising consumers in its Summary of Rights that they are entitled to all information, while intentionally providing incomplete disclosures, demonstrates a reckless or knowing disregard for the statute.

57.    The Federal Trade Commission issued authoritative guidance nearly twenty years ago making clear that consumer reporting agencies must disclose full account numbers and all file information unless the consumer specifically requests truncation.

58.    In its June 30, 2000 Advisory Opinion to Darcy, the FTC explained that a consumer reporting agency that routinely scrambles or truncates account numbers or Social Security numbers does not technically comply with Section 609 because such practices fail to provide an accurate and clear disclosure of all information in the consumer's file.

59.    Despite this government guidance, Defendant continues to suppress, truncate, or omit full account numbers even though consumers, including Plaintiff, never request such truncation.

60.    Defendant has known for decades that the Date of Last Activity is a material piece of information that affects both credit reporting and consumer understanding. In *Gillespie v. Equifax Information Services LLC*, 484 F.3d 938, 941–42 (7th Cir. 2007), the court criticized Equifax's use of the Date of Last Activity field and held that confusion or manipulation of that field can violate the FCRA's requirement that disclosures be clear and accurate.

61.     Defendant has been aware of this issue for years, yet it continues to withhold or alter Date of Last Activity data in consumer disclosures, including the disclosure provided to Plaintiff on September 29, 2025, while simultaneously providing this information in the consumer reports it sends to third-party creditors.

62.     Defendant's decision to ignore binding federal guidance together with judicial criticism demonstrates that Defendant acted knowingly and with reckless disregard for Plaintiff's rights. Defendant's conduct therefore constitutes willful noncompliance under 15 U.S.C. § 1681n.

## COUNT I

### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681g(a)(1)

### (Failure to Clearly and Accurately Disclose All Information in Plaintiff's File)

63.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

64.     Defendant Equifax is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

65.     Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c).

66.     Pursuant to 15 U.S.C. § 1681g(a)(1), a consumer reporting agency is obligated, upon request, to "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request." The statute provides only narrow exceptions to this mandate, and none are applicable here.

67.     The term "file" is defined under 15 U.S.C. § 1681a(g) as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored.

68.     Plaintiff made a valid request for his consumer file disclosure from Defendant in or about September 2025 through AnnualCreditReport.com.

Page 9 of 12

69.    At the time of Plaintiff's request, Defendant possessed, recorded, and retained in Plaintiff's consumer file complete account-level information, including full account numbers (beyond the four digits disclosed), dates of last activity, actual payment amounts, charge-off amounts, dates the accounts were closed, and additional identifying information for the Portfolio Recovery Associates, U.S. Bank, Jefferson Capital LLC, Credit Acceptance Corporation, Comenity Capital/Forever 21, The Bureaus, and Online Collection Group accounts.

70.    This information was furnished to Defendant by the respective data furnishers, including the creditors or collectors associated with these accounts, and formed part of Plaintiff's consumer file because it was used, or could be used, by Defendant in preparing consumer reports about Plaintiff for third parties.

71.    Despite possessing this information, Defendant withheld the information and failed to clearly and accurately disclose it to Plaintiff in the September 29, 2025 disclosure (confirmation number 5272568529).

72.    Instead, Defendant provided an incomplete, unclear, and inaccurate disclosure that omitted or truncated the full account numbers, dates of last activity, actual payment amounts, charge-off amounts, dates the accounts were closed, and other identifying information.

73.    As a result of these omissions, Plaintiff was unable to identify, verify, or dispute the tradelines and accounts, which caused significant frustration, emotional distress, and an inability to understand his credit report or compare it against his own records.

74.    Defendant's failure to disclose all information in Plaintiff's consumer file violated 15 U.S.C. § 1681g(a)(1).

75.    Defendant's violation was willful under 15 U.S.C. § 1681n, as Defendant knowingly or recklessly disregarded the requirements of § 1681g(a)(1) by using automated disclosure templates and suppression logic that intentionally withhold or truncate account information in consumer disclosures requested through AnnualCreditReport.com.

76.    Despite knowing for years that this practice affects large numbers of consumers, ignores binding government guidance such as the FTC's June 30, 2000 Advisory Opinion to Darcy

(which states that truncating account numbers without a consumer request fails to comply with § 1681g), contradicts judicial precedent such as *Gillespie v. Equifax Information Services, LLC*, 484 F.3d 938 (7th Cir. 2007) (criticizing the manipulation of fields such as the Date of Last Activity), and conflicts with Defendant's own Summary of Rights provided to consumers, Defendant continues to engage in this unlawful conduct.

77.     Alternatively, if not willful, Defendant's violation was negligent under 15 U.S.C. § 1681o.

## WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1) in an amount to be determined at trial, including for emotional distress, frustration, and inability to verify her credit information;

b. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A);

c. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) in an amount to be determined at trial;

d. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

e. Such other and further relief as the Court deems just and proper.

### Demand For Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Joshua Evans

Joshua Evans, Esq. (Bar No. 98007)

Attorney for Plaintiff Joseph Galevo

791 E. McMillan Street, Suite 235

Cincinnati, Ohio 45206

Email: AttorneyjoshE@gmail.com

Phone: (513) -405-4562

## Certificate Of Service

I hereby certify that on the date of filing, a true and correct copy of the foregoing Complaint, was served on all entitled defendants by the Clerk of Court using the CM/ECF system, which will automatically serve notice of this filing upon all counsel of record or by certified mail.

Dated December 2 2025

Respectfully submitted,

/s/ Joshua Evans

Joshua Evans, Esq. (Bar No. 98007)

Attorney for Plaintiff Joseph Galevo

791 E. McMillan Street, Suite 235

Cincinnati, Ohio 45206

Email: AttorneyjoshE@gmail.com

Phone: (513) -405-4562